Bkevakd, J.
The defendants were indicted for murder, one of them as principal, and the other as accessory, in the same indict-meat. They were arraigned together, and pleaded not guilty ; after which Samuel Yancey claimed a separate trial, and it was moved in his behalf, that he might sever in his trial from the other defendant, which was granted by the court. 'JUfc circuit solicitor, on the part of the State, objected to this mode or rial, and there, upon has appealed to this court, and claims a reversal of the deci. sion, and, consequently, I suppose, a new trial.
It is said to be the most eligible course, and the most usual, where both the principal and accessory can be brought to trial, at the same time, to indict and try them together. But they may be indicted and tried separately. 1 Hal. P. C. 623.- Fost. C. L. 365.
If they be indicted and tried together, notwithstanding the con-nexion between them, and though they are participants in the suit, and in guilt, yet in consideration of law, their offences are quite different. 1 Hal. 625. Fost. 361. The accessory shall not be constrained to answer to his indictment till the principal be tried ; but he may waive this privilege. 1 Hal. 624.
I cannot perceive whatfbenefit would result to the principal from having a separate trial, or ¡?ny privilege he has to require it; unless he should be anxious to facilitate and hasten a trial. The public, however, may, in many cases, be much interested in compelling joint indictees to sever in their trials; and for the purposes of pub-lie convenience, and public justice, I am of opinion, the courts ought always to require and order it, when it appears accessary. That they have the power to do so, I have no doubt. That it is their duty to do so on many occasions must be quite clear, if we *308 consider the difficulties which might be interposed to the formation of a jury in some cases where several joint indictees should insist on their several right to challenge. This happened in the case mentioned by Plowden, p. 100, where five persons were indicted for the murder of Dr. Ellis’s servant, and pleaded not guilty. Some of them challenged some of the jurors peremptorily, and the others prayed that they might be sworn. It was held that the arraignment was to be considered as several arraignments, and the offences several; yet as one venire facias was awarded for all, the juror challenged by one, shall be drawn against all.
This decision induced the necessity of ordering that the panel should be divided and made several for each of the prisoners, which was' done at the request of the attorney general. But the prisoners finding they could not succeed in evading a trial, afterwards agreed in their challenges.
In the resolutions of the judges, in the case of the murderers of Charles L, stated by Kelyng, p. 9, it was resolved that if several be indicted togetb^Hqp one indictment, for one crime, in case some of them be founu^Jlty, by one jury, and afterwards some of tiie same jury be returned to try others in the same indictment, it is no challenge for those prisoners to say, that those jurors have already given their verdict, and found others guilty, who are indicted in the same indictment, for the same offence ; for in law, it is a several indictment against.every one of them, and the crime of several, see 2 Hawk. 589, and notice is taken of the case mentioned by Plow, den, which is approved. And it was farther agreed, that the panol may be severed; and that the same jury may be returned betwixt the king and every one of the prisoners, in which case they are to be tried severally, and then the challenge of one prisoner is no challenge to disable the juror so challenged, against another pri, soner. I am of opinion, therefore, the decision of the District Court ought not to be reversed.
The court were unanimous in refusing the motion.